1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                No. CR-96-0146 MMC

12              Plaintiff,                   (Ninth Circuit No. 08-73896)

13      v.                                   **ORDER DENYING DEFENDANT'S**
                                             **MOTION FOR FILING OF CERTIFICATE**
14  JON ZAVALIDROGA,                         **OF FACTS AND OTHER DOCUMENTS**

15              Defendant
    _____/

16

17         The Court is in receipt of defendant Jon Zavalidroga's "Legal Motion for the Filing of

18  the Trial Judge's 28 U.S.C. 2245 Certificate of Facts and Other Documents," filed February

19  4, 2009, by which petitioner requests this Court file certain documents in connection with a

20  proceeding currently pending before the Court of Appeals for the Ninth Circuit.  Having read

21  and considered the motion, the Court rules as follows:

22         1.  Defendant's request that the Court file a "certificate of facts" pursuant to 28

23  U.S.C. § 2245 is hereby DENIED, for the reason that defendant has not shown any

24  proceeding involving a hearing on a petition for a writ of habeas corpus is pending before

25  the Ninth Circuit, let alone shown the Ninth Circuit has found the customary record made in

26  the trial court to be incomplete without such a certificate.  See 28 U.S.C. § 2245 (providing

27  trial court's "certificate" of "facts occurring at trial" is "admissible" in hearing on petition for

28  writ of habeas corpus); see, e.g., Weidner v. Thieret, 932 F.2d 626, 632 (7th Cir. 1991)

United States District Court

For the Northern District of California

(holding, where trial court record does not otherwise provide sufficient information to explain basis for ruling at issue in habeas proceeding, reviewing court may consider trial court's certification "setting forth the facts" missing from record).

2. Defendant's request that the Court "file certified copies of any additional documents which are required under . . . 28 U.S.C. § 2249" is hereby DENIED, for the reason § 2249 applies to a "respondent," not a court. See 28 U.S.C. § 2249 (identifying documents "respondent" shall attach to response to petition for writ of habeas corpus).

The Clerk is DIRECTED to send a copy of the instant order to the Ninth Circuit.

**IT IS SO ORDERED.**

Dated:  March 17, 2009

MAXINE M. CHESNEY
United States District Judge