IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JON ZAVALIDROGA,<br><br>    Defendant                     / | No. CR 96-0146 MMC<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF AUDITA QUERELA** |

    Before the Court is defendant Jon Zavalidroga's Petition for a Writ of Audita Querela, filed July 21, 2010. By the instant petition, defendant seeks an order "setting aside or vacating" the Court's order filed July 9, 2001. (See Petition at 2.) In its order of July 9, 2001, the Court denied defendant's petition for a writ of coram nobis; said order was affirmed by the Court of Appeals for the Ninth Circuit on December 9, 2002.

    The instant petition is the latest in a series of requests filed by defendant seeking an order setting aside or vacating the Court's July 9, 2001 order and/or to obtain a ruling from this Court that the Ninth Circuit's December 9, 2002 decision was erroneous. (See Document Nos. 119, 128, 132, 146, 158, 164, 168, 176.) Each such request has been denied, and, in each instance, the Court's denial was either affirmed by the Ninth Circuit or defendant's appeal therefrom was dismissed by the Ninth Circuit.

//

In the request presently before the Court, defendant has, once again, asserted the Court's order of July 9, 2001 and the Ninth Circuit's affirmance thereof were erroneous. The instant request differs from defendant's prior requests only in that defendant seeks relief by way of the issuance of a writ of audita querela. As with each of the above-referenced prior requests by defendant, however, the instant request fails to include any cognizable basis for setting aside or vacating the July 9, 2001 order, and, consequently, lacks merit.

Moreover, irrespective of said deficiency, defendant has failed to show issuance of a writ of audita querela would be proper under any circumstance. "A writ of audita querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007). Here, defendant seeks an order setting aside or vacating the July 9, 2001 order in order to have his claim of ineffective assistance of appellate counsel considered on the merits. As the Ninth Circuit previously concluded, in its order affirming the July 9, 2001 order, such claim by defendant could have been raised in a motion filed pursuant to 28 U.S.C. § 2255. See United States v. Zavalidroga, 53 Fed. Appx. 411 (9th Cir. 2002). Consequently, for this additional reason, the instant request lacks merit. See Carrington, 503 F.3d at 890.

Accordingly, the petition is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2010

MAXINE M. CHESNEY
United States District Judge