IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JON ZAVALIDROGA,<br><br>Defendant. | Case No. 96-cr-00146-MMC-1<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF CORAM NOBIS; DENYING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |

Before the Court is defendant Jon Zavalidroga's "Petition for a Writ of Coram Nobis," filed in district court on August 30, 2017.[1] In the instant petition, defendant, who proceeds pro se, asserts he is entitled to relief from the judgment filed June 19, 1997, which judgment was entered on the jury's verdict that said defendant violated 18 U.S.C. § 875(c).[2] Having read and considered the petition, the Court rules as follows.

The petition raises five claims: (1) defendant's trial counsel was ineffective by having "agreed" to a jury instruction defining the word "threat" (see Pet. at 18-19); (2) "government-manipulated tape-recorded evidence" was offered at the trial (see Pet. at 20); (3) a witness at the trial committed "perjur[y]" (see Pet. at 23); (4) defendant's "home may have been wiretapped" by the government (see Pet. at 28); and (5) "government fraud may have existed as to the prosecutor's acquisition of the records from [d]efendant Zavalidroga's telephone-service provider" (see Pet. at 29). As defendant fails to

---

[1] On October 20, 2016, defendant initially filed the instant petition in the Court of Appeals for the Ninth Circuit. By order filed July 14, 2017, the Ninth Circuit transferred the petition to district court for consideration.

[2] Section 875(c) provides that it is unlawful for a person to "transmit[ ] in interstate commerce or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." See 18 U.S.C. § 875(c).

establish, however, that "sound reasons exist" for his failure to earlier seek relief from the judgment on those grounds, defendant is not entitled to issuance of a writ of coram nobis. See Hirabayashi v. United States, 828 F. 2d 591, 604 (9th Cir. 1987) (listing elements of showing defendant must make to qualify for coram nobis relief); see also United States v. Riedl, 496 F.3d 1003, 1008 (9th Cir. 2007) (holding "initial burden of justifying delay [is] squarely on the [defendant]").[3]

To the extent defendant may be relying on his assertion of "actual innocence" (see Pet. at 11) as an explanation for his untimeliness, any such reliance is unavailing, as defendant offers no evidence to establish his innocence, let alone "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." See McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (describing standard for "actual innocence" exception as "demanding") (internal quotation and citation omitted); Lee v. Lampert, 653 F.3d 929, 937-38 (9th Cir. 2011) (holding defendant seeking to establish "actual innocence" must offer "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial") (internal quotation and citation omitted).

Lastly, if defendant elects to appeal the instant order, to the extent the requirement that a defendant obtain a certificate of appealability may be applicable to any such appeal, the Court hereby DENIES such certificate, as defendant has not made any showing, let alone a "substantial showing," that he has been denied a "constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: September 22, 2017

MAXINE M. CHESNEY
United States District Judge

---

[3] As reflected in the docket, defendant, in addition to filing a direct appeal from the judgment, has, beginning in 2000, filed numerous post-judgment motions/petitions seeking to set aside the judgment.

2