1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                Case No.  96-cr-00146-MMC-1

          Plaintiff,
8
                                              **ORDER DENYING DEFENDANT'S
9         v.                                  MOTION FOR REFUND OF
                                              DOCKETING FEE**
10   JON ZAVALIDROGA,
                                              Re: Dkt. No. 242
          Defendant.
11

12

13        The Court is in receipt of defendant's "Legal Motion for a Refund of Docketing Fee

14   #17-17242," filed July 13, 2018.  Having read and considered the motion, the Court rules

15   as follows.

16        By order filed September 22, 2017, the Court denied defendant's petition for a writ

17   of coram nobis, and, by order filed October 23, 2017, denied defendant's motion for

18   reconsideration of its September 22 order.  On October 20, 2017, defendant filed a

19   Notice of Appeal from both of those orders, after which, on November 1, 2017, the Court

20   of Appeals for the Ninth Circuit docketed the notice of appeal, instituting Court of Appeals

21   Docket # 17-17242.[1]

22        On November 14, 2017, the Clerk of Court received from defendant the sum of

23   $505, the filing fee for a notice of appeal.  See 28 U.S.C. § 1913.  Thereafter, on January

24   12, 2018, and January 19, 2018, respectively, defendant filed with the Ninth Circuit two

25   motions.  By order filed April 20, 2018, the Ninth Circuit construed defendant's two

26

27        [1]The Court takes judicial notice of the contents of the docket.  See Lee v. City of
     Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of
28   matters of public record") (internal quotation and citation omitted).

United States District Court
Northern District of California

1    motions as a request for a certificate of appealability and denied such request, thereby

2    effectively dismissing the appeal. <u>See</u>, <u>e.g.</u>, <u>Langford v. Day</u>, 134 F.3d 1381, 1383 (9th

3    Cir. 1998) (dismissing appeal in light of denial of defendant's request for certificate of

4    appealability). Lastly, by order filed June 1, 2018, the Ninth Circuit denied defendant's

5    motion for reconsideration of its April 20 order.

6        By the instant motion, defendant seeks a refund of the filing fee, on the asserted

7    ground that the Ninth Circuit, having denied issuance of a certificate of appealability,

8    "refused to docket any appeal." (<u>See</u> Def.'s Mot. at 1.) Defendant has failed, however, to

9    establish his entitlement to a refund.

10       First, as noted above, defendant's notice of appeal was docketed in the Ninth

11    Circuit on November 1, 2017. More importantly, the Ninth Circuit's determination that

12    defendant was not entitled to relief on appeal is not a cognizable basis for a refund.

13    Filing fees are "assessed for the privilege of initiating an appeal, without regard to the

14    subsequent disposition of the matter," <u>see</u> <u>Williams v. Roberts</u>, 116 F.3d 1126, 1127 (5th

15    Cir. 1997), and, consequently, an appellant is not "entitled to the return of [his] filing and

16    docketing fees" upon dismissal of an appeal, <u>see</u> <u>Porter v. Dep't of Treasury</u>, 564 F.3d

17    176, 179 (3rd Cir. 2009).

18       Accordingly, defendant's motion is hereby DENIED.

19       **IT IS SO ORDERED.**

20

21    Dated: July 30, 2018

22                                   MAXINE M. CHESNEY
                                      United States District Judge

23

24

25

26

27

28