IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>JON ZAVALIDROGA,<br>　　　　　Defendant. | Case No. 96-cr-00146-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION SEEKING APPOINTMENT OF COUNSEL AND CERTIFICATION APPEAL IS NOT FRIVOLOUS** |

By order filed March 1, 2019, the Court denied defendant's motion for reconsideration, by which motion defendant, for the fifth time, sought reconsideration of the Court's order of September 22, 2017, by which order his petition for a writ of coram nobis was denied. On March 8, 2019, defendant filed a "Notice of Appeal for the District Court's Order dated March 2, 2019 with an attendant legal motion," said "attendant legal motion" being directed to this Court. Having read and considered defendant's motion, the Court rules as follows.

In his motion, defendant observes that the Ninth Circuit Court of Appeals recently issued a Pre-Filing Review Order applicable to any notice of appeal he files, which order, filed December 20, 2018, includes an exception for an appeal in which defendant is represented by counsel or where the district court certifies the appeal is not frivolous.[1] Defendant, seeking to avail himself of either or both exceptions, requests the Court

---

[1] The Court takes judicial notice of the Order, filed in In re Zavalidroga, Ninth Circuit Case No. 18-80137. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

appoint him counsel and/or certify his appeal is not frivolous. As set forth below, defendant has not shown he is entitled to such relief.

First, assuming, <u>arguendo</u>, the Court has discretion to appoint appellate counsel, <u>see</u> 18 U.S.C. § 3006A(a)(2)(B) (providing courts have discretion to appoint counsel for defendant seeking relief pursuant to 28 U.S.C. §§ 2241, 2254 or 2255),[2] defendant has failed to show "the interests of justice" require such appointment, <u>see id.</u>, particularly given, as discussed below, the appeal is frivolous. <u>See</u> <u>Martin v. Fayram</u>, 849 F.3d 691, 699 (8th Cir. 2017) (holding habeas petitioner seeking counsel must make threshold showing he has "presented a nonfrivolous claim").

Second, the Court finds defendant's appeal is frivolous. An "appeal is frivolous where it lacks arguable merit." <u>See</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984). As noted, defendant is appealing the order denying his fifth motion for reconsideration. As set forth in said order, the fifth motion did no more than repeat arguments made in defendant's earlier-filed four motions for reconsideration, each of which motions the Court denied. Further, the Ninth Circuit, in denying issuance of certificates of appealability for defendant's appeals from the orders denying his first, second, and fourth motions for reconsideration,[3] likewise found meritless those same arguments. Under such circumstances, the Court finds defendant's latest notice of appeal lacks arguable merit, as it does no more than raise arguments repeatedly found meritless by both this Court and the Ninth Circuit.

Accordingly, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 15, 2019

MAXINE M. CHESNEY
United States District Judge

---

[2]Defendant has not filed a motion under §§ 2241, 2254 or 2255, but, rather, seeks issuance of a petition for a writ of coram nobis.

[3]Defendant did not file a notice of appeal from the order denying his third motion for reconsideration.

2